Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMARI TAHIR, aka JAMES C. GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>KSHAMA SAWANT, Seattle City Council, in her official capacity as Chairwoman of Seattle City Light; SEATTLE CITY LIGHT; MARGARET DELANEY, individually, and in her official capacity as Managing Director of Midtown Limited Partners; BRUCE HARRELL, individually, and in his official capacity as President of the City of Seattle Council; and MIDTOWN LIMITED PARTNERS,<br><br>Defendants. | NO. 2:16-cv-00413-JLR<br><br>MOTION BY MIDTOWN LIMITED PARTNERSHIP AND MARGARET DELANEY, AS ITS FORMER GENERAL PARTNER, TO DISMISS OR STAY ALL CLAIMS AGAINST THEM, AND TO CANCEL LIS PENDENS<br><br>Noted for Consideration:<br>  October 7, 2016 |

## I.  RELIEF REQUESTED / SUMMARY OF ARGUMENT

Defendants MidTown Limited Partnership ("MidTown") and its former general partner, Margaret Delaney (collectively, "MidTown Defendants") seek an order dismissing this case as to them.

*First*, the claims against the MidTown Defendants should be dismissed under Federal Rule of Civil Procedure 4(m).  The summons and complaint were not served until more than 90 days after the complaint was filed.  Even then, service was invalid.  It

MOTION BY MIDTOWN AND DELANEY TO
DISMISS OR STAY ALL CLAIMS AGAINST THEM,
AND TO CANCEL LIS PENDENS – 1
[Case No. 2:16-cv-00413-JLR]

Sirianni Youtz
Spoonemore Hamburger
999 Third Avenue, Suite 3650
Seattle, Washington 98104
Tel. (206) 223-0303   Fax (206) 223-0246

was only upon counsel, not the MidTown Defendants. Counsel is not authorized to accept service of process.

***Second***, the claims against the MidTown Defendants should be dismissed because they duplicate claims pending in a case entitled, *Omari Tahir, aka James C. Garrett v. Margaret Delaney, individually and in her official capacity as Managing Director of Midtown Center, LLC; and MidTown Center, LLC,* United States District Court, Western District of Washington, Cause No. 2:15-cv-02017-JCC ("First Case").

This Court has discretion to dismiss a case that duplicates claims that were previously pending before another judge of this district. In the alternative, the MidTown Defendants request a stay of this "Second Case" until the identical issues pending in the First Case are decided.

Regardless of whether the Court dismisses, stays, or hears these claims against the MidTown Defendants, they request, for the reasons set forth below, that the Court cancel the lis pendens filed in connection with this Second Case on March 25, 2016.

## II.  BACKGROUND

MidTown owns commercial property located in Seattle's central area ("Property"). Mr. Tahir filed his Complaint in the First Case ("First Complaint") on December 28, 2015. A copy of the First Complaint is *Exhibit A* to the Declaration of Stephen J. Sirianni.[1] Mr. Tahir claimed discrimination under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, adverse possession of the Property, and a right of recovery against Ms. Delaney, MidTown's former general partner, for assault and defamation. At the time Mr. Tahir filed the Complaint in the First Case, he also filed a lis pendens seeking to prevent a potential sale of the Property. *Exh. B*.

---

[1] All exhibits referenced in this Motion are attached to the Declaration of Stephen J. Sirianni, filed with this Motion.

MOTION BY MIDTOWN AND DELANEY TO
DISMISS OR STAY ALL CLAIMS AGAINST THEM,
AND TO CANCEL LIS PENDENS – 2
[Case No. 2:16-cv-00413-JLR]

Sirianni Youtz
Spoonemore Hamburger
999 Third Avenue, Suite 3650
Seattle, Washington  98104
Tel. (206) 223-0303   Fax (206) 223-0246

MidTown sought dismissal of the First Case for lack of subject matter jurisdiction and for failure to state a claim. It also moved to cancel the lis pendens. On April 21, 2016, Judge Coughenour in the First Case dismissed the adverse possession claim but declined to dismiss the remaining claims. *Exhibit D* is a copy of the Order Granting in Part and Denying in Part MidTown's Motion to Dismiss. On June 16, 2016, on reconsideration, the Court also ordered the lis pendens canceled. *Exh. E*.

Mr. Tahir filed this Second Case on March 28, 2016. A copy of the Complaint ("Second Complaint") is *Exhibit F*. On the same date, Mr. Tahir caused a second lis pendens to be recorded in the King County records. A copy of the second lis pendens is *Exhibit G*.

The MidTown Defendants have never been served with the Summons and Complaint in the Second Case. On August 11, 2016, Mr. Tahir served those papers on attorneys for the MidTown Defendants in other matters. Further, those attorneys are not authorized to accept service of process. Sirianni Decl., ¶3; Benis Decl., ¶2.

The Second Complaint is substantially duplicative of the First Complaint. Thus:

(a)  In both cases, Mr. Tahir claims "title" to the Property. *Exh. F*, ¶¶8, 10; *Exh. D*, ¶¶10, 12.

(b)  In both cases, Mr. Tahir's claim to title in the Property is based on alleged adverse possession. *Exh. A*, ¶¶10–14; *Exh. F*, ¶¶12–16.

(c)  In both cases, Mr. Tahir claims that Ms. Delaney asserts "an estate or interest in the [Property] that is racially adverse to" him. *Exh. A*, ¶15; *Exh. E*, ¶17.

(d)  In both cases, Mr. Tahir claims MidTown has received federal financial aid in the past and is attempting to sell its Property in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. *Exh. A*, ¶¶2, 20, 21 (defendants "underhandedly and secretly, listed the property for sell through an all-White elite buy and sell real-estate

MOTION BY MIDTOWN AND DELANEY TO DISMISS OR STAY ALL CLAIMS AGAINST THEM, AND TO CANCEL LIS PENDENS – 3
[Case No. 2:16-cv-00413-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

members only club"); *Exh. F*, ¶¶ 2, 23, 27 (defendants "are engaging in ethnic cleansing of Seattle's Central District, by and through, gentrification").

(e) In both cases, Mr. Tahir claims a right to an injunction restraining MidTown from selling the Property "without just compensation." *Exh. A*, ¶ 22; *Exh. F*, ¶ 26.

(f) In both cases, Mr. Tahir seeks a judgment for $12,000 per year for eight years, with treble damages for "caretaker" damages. *Exh. A*, p. 7; *Exh. F*, p. 5.

(g) In both cases, Mr. Tahir seeks a substantial monetary judgment against Ms. Delaney personally. In both cases, he seeks $100,000 for "defamation." *Exh. A*, p. 7, *Exh. F*, p. 5. In the First Complaint, he also seeks $200,000 in damages against her caused by an alleged assault (*Exh. A*, p. 7). In the Second Complaint, he seeks $5.5 million against her for alleged "racial harassment."

There are only two substantive differences between the two Complaints. ***First***, the Second Complaint alleges Ms. Delaney's complicity in a scheme to shut off Mr. Tahir's utilities. Although that claim does not expressly appear in his First Complaint, Mr. Tahir has made utility termination a subject of the First Case.

In response to the MidTown Defendants' motion to dismiss his First Complaint, and before he filed the Second Complaint, Mr. Tahir asserted that the alleged cutoff of his utilities was evidence of racial discrimination. *Exh. C*, pp. 3, 7. In denying MidTown's motion to dismiss for lack of standing, the Court in the First Case referred to this allegation as a basis for standing. *Exh. D*, p. 6. Hence, Mr. Tahir's complaint regarding alleged utility termination can be considered in the First Case. In fact, the Court has already considered it.

***Second***, Mr. Tahir names City of Seattle officials and Seattle City Light (collectively, "City Defendants") as defendants in the Second Case. They are not parties to the First Case. He makes several allegations in the Second Complaint against them

MOTION BY MIDTOWN AND DELANEY TO
DISMISS OR STAY ALL CLAIMS AGAINST THEM,
AND TO CANCEL LIS PENDENS – 4
[Case No. 2:16-cv-00413-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

that do not involve the MidTown Defendants. In particular, he alleges the City Defendants unlawfully terminated utilities at properties with which MidTown has no connection. *Exh. F*, ¶20. That paragraph reflects an acrimonious history between Mr. Tahir and the City Defendants that has never involved the MidTown Defendants. (He also alleges discrimination in City funding that is unrelated to the MidTown Defendants. *Exh. F*, ¶28.) Whatever grievances Mr. Tahir has with the City Defendants, they can be resolved without the participation of the MidTown Defendants.

### III.   THE MIDTOWN DEFENDANTS SHOULD BE DISMISSED

#### A.   Mr. Tahir has Violated Fed. R. Civ. P. 4(m)

Fed. R. Civ. P. 4(m) requires service to be accomplished within 90 days after the complaint was filed. The Second Complaint was filed on March 28, 2016. The MidTown Defendants have not properly been served. On August 11, 2016, the Summons and Second Complaint were delivered to their attorneys in other disputes. The MidTown Defendants have not waived personal service, and their attorneys are not authorized to accept service of process in this action. Sirianni Decl., ¶3; Benis Decl., ¶2.

Even if service on the MidTown Defendants' attorneys were proper, it was not timely made. Not until August 11, 2016, 105 days after filing the Second Complaint, did Mr. Tahir attempt to serve the MidTown Defendants. This case should be dismissed as to the MidTown Defendants under Fed. R. Civ. P. 4(m).

#### B.   This Action is Duplicative of Pending Litigation

Mr. Tahir's complaint should be dismissed against the MidTown Defendants because it is duplicative of the First Case. A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999). The claims and parties, however, need not be identical. A litigant "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant. *Id*. at

MOTION BY MIDTOWN AND DELANEY TO DISMISS OR STAY ALL CLAIMS AGAINST THEM, AND TO CANCEL LIS PENDENS – 5
[Case No. 2:16-cv-00413-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

1145, quoting *Walton v. Eaton Corp*, 563 F.2d 66, 70 (3d Cir. 1977). The Court, in its discretion, may dismiss rather than stay a duplicative action in order to promote efficiency. *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1962).

The allegations against the MidTown Defendants are substantially identical in both the First and Second Case, and they can be fully litigated in the First Case, where the Court has already issued substantive rulings, including dismissal of Mr. Tahir's adverse possession claim.

It is not clear what recovery Mr. Tahir seeks in the Second Case against the City Defendants. Presumably, he seeks a money judgment. If so, the MidTown Defendants, even if joint tortfeasors, are not necessary parties. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990) (*per curiam*); *see also* Fed. R. Civ. P. 19, advisory committee's note to 1966 amend. (noting that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability").

If Mr. Tahir seeks injunctive or declaratory relief against the City Defendants, that relief could not be in conflict with any injunctive or declaratory relief granted in the First Case. MidTown is the sole record title holder of the Property. Although Mr. Tahir apparently seeks to restrain the sale of the Property in both the First and Second Case, the City Defendants are not necessary parties to such relief. If Mr. Tahir seeks to enjoin the City Defendants from some action suggested in paragraphs 20, 21 or 28 of the Second Complaint (*Exh. F*) (unlawfully terminating utilities, unlawful funding decisions), those actions do not involve the MidTown Defendants. The claims can be adjudicated without them.

MOTION BY MIDTOWN AND DELANEY TO DISMISS OR STAY ALL CLAIMS AGAINST THEM, AND TO CANCEL LIS PENDENS – 6
[Case No. 2:16-cv-00413-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

In the alternative, the MidTown Defendants request this Court stay this Second Case pending resolution of the First Case in order to avoid unnecessary expense and duplication, as well potentially conflicting results.

### IV.  THE LIS PENDENS SHOULD BE CANCELED

Assuming this Second Case is dismissed against the MidTown Defendants as requested in this Motion, the lis pendens filed against the Property on March 25, 2016 (*Exh. G*) should be canceled pursuant to RCW 4.28.325.  That is because once the action is dismissed, there is no case pending, and there is no basis for a lis pendens.

Even if this Second Case is not dismissed as to the MidTown Defendants, the lis pendens should still be canceled.  A lis pendens may only be filed in connection with an action "affecting title to real estate."   RCW 4.28.320; RCW 4.28.325 (applying the lis pendens statute to cases filed in federal district court).  A lis pendens is improper in a suit to recover a money judgment, or where plaintiff has no claim to title.  *Bramall v. Wales*, 29 Wn. App. 39, 395, 620 P.2d 511 (1981).

In this Second Case, the only basis Mr. Tahir alleges for claiming an interest in the Property is adverse possession.  *See Exh. F*, ¶¶ 12–17.  The Court in the First Case has already:  (a) dismissed the identical claim for adverse possession (*Exh. D*, pp. 6–7); and (b) canceled Mr. Tahir's original lis pendens because there was no claim affecting title to the Property (*Exh. E*, p. 2).

### V.  CONCLUSION

For the reasons stated, MidTown and Ms. Delaney request that this Court (1) dismiss them from this action or, in the alternative, stay the action pending the resolution of the First Case; and (2) cancel the lis pendens filed by Mr. Tahir with the King County Recorder's Office as document number 20160325000865.

MOTION BY MIDTOWN AND DELANEY TO DISMISS OR STAY ALL CLAIMS AGAINST THEM, AND TO CANCEL LIS PENDENS – 7
[Case No. 2:16-cv-00413-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

DATED: September 13, 2016.

          SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

           /s/ Stephen J. Sirianni
Stephen J. Sirianni  (WSBA #6957)
  999 Third Avenue, Suite 3650
  Seattle, WA 98104
  Tel. (206) 223-0303; Fax (206) 223-0246
  Email: ssirianni@sylaw.com
Attorneys for Defendants
Margaret Delaney and
MidTown Limited Partnership

MOTION BY MIDTOWN AND DELANEY TO DISMISS OR STAY ALL CLAIMS AGAINST THEM, AND TO CANCEL LIS PENDENS – 8
[Case No. 2:16-cv-00413-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Omari Tahir**
  omariAfrinet@yahoo.com

and I hereby certify that I have mailed by United States Postal Service the document to the following:

- (no manual recipients)

- **Omari Tahir**
  P.O. Box 22328
  Seattle, WA 98122

DATED: September 13, 2016, at Seattle, Washington.

                                              */s/ Stephen J. Sirianni*
                                              Stephen J. Sirianni (WSBA #6957)

MOTION BY MIDTOWN AND DELANEY TO DISMISS OR STAY ALL CLAIMS AGAINST THEM, AND TO CANCEL LIS PENDENS – 9
[Case No. 2:16-cv-00413-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246